UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5: 11-CR-155-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| ROGER VAN SANTVOORD CAMP | ) | |

This matter is before the Court on Defendant's Motion for Notice of Intent to Use 404(b) Evidence [DE 47], Motion for Disclosure of Favorable Material [DE 48], Motion for all "Jencks" Material [DE 49], Motion to Sequester Witnesses [DE 50], and Motion for Disclosure of Rule 807 Evidence [DE 51]. The Government has responded to each of these motions [DE 53] and the matters are ripe for ruling.

## BACKGROUND

Defendant is charged in a fifteen-count superceding indictment [DE 24] of four counts of bank fraud in violation of 18 U.S.C. § 1344, nine counts of false statements in connection with a loan application in violation of 18 U.S.C. § 1014, and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. Defendant's arraignment and trial are currently scheduled for the Court's January 2012 term.

## DISCUSSION

A. <u>Defendant's Motion for Evidence Under Rule 404(b) [DE 47]</u>

The Court DENIES Defendant's Motion for Evidence Under Rule 404(b). The Government is already obligated to notify the Defendant should it intend to use evidence of the Defendant's prior bad acts under Rule 404(b). *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts . . . [may be admissible] provided that upon request by the accused, the prosecution in a criminal case

shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.") Defendant's request for Rule 404(b) evidence is duly noted, but Defendant's Motion gives no indication that the Government has failed to meet its obligations under the rule. Thus, a court order is unnecessary at this time and the Motion is DENIED.

B.  Defendant's Motion for Disclosure of Favorable Materials [DE 48]

The Court DENIES Defendant's Motion for Disclosure of Favorable Materials. The Government is already obligated to disclose the material Defendant seeks according to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. The Defendant's request for *Brady* materials is duly noted, but his motion gives no indication that the Government has failed to meet these obligations. A court order is therefore unnecessary at this time. Insofar as Defendant has requested discovery that is beyond the scope of what is required of the Government by *Brady*, its progeny, or the Federal Rules of Criminal Procedure, his Motion is DENIED.

C.  Defendant's Motion for all "Jencks" Material [DE 49]

The Court DENIES Defendant's Motion for all "Jencks" Material. The Jencks Act requires that the Government, on motion of the defendant, produce any statement by a Government witness after that witness' direct examination at trial if the statement is related to the subject matter of the witness' testimony. 18 U.S.C. § 3500(b). "The district court may not require the government to produce Jencks Act material relating to one of its witnesses until *after* the witness has testified." *United States v. Lewis*, 35 F.3d 148 (4th Cir. 1994). The Government in this case has stated that it has already turned over to Defendant a significant amount of *Jencks* material and will continue to do so prior to the commencement of trial. Defendant's Motion is

therefore DENIED.

D.   Defendant's Motion to Sequester Witnesses [DE 50]

The Court GRANTS Defendant's Motion to Sequester Witnesses. Pursuant to Rule 615 of the Federal Rules of Criminal Procedure, a court shall upon the request of a party order witnesses excluded so that they cannot hear the testimony of other witnesses. The Government has requested that its investigating agent be excepted from exclusion. The Court hereby allows the Government's request. *See United States v. Parodi*, 703 F.3d 768, 773 (4th Cir. 1983).

E.   Defendant's Motion for Disclosure of Rule 807 Evidence [DE 51]

The Court DENIES Defendant's Motion for Disclosure of Rule 807 Evidence. Rule 807 provides that party must give sufficient advance notice of its intent to offer into evidence a statement under the residual exception to the hearsay rule   Defendant's request for disclosure of Rule 807 evidence is duly noted, but Defendant's Motion gives no indication that the Government has failed to meet its obligations under the rule. Thus, a court order is unnecessary at this time and the Motion is DENIED.

### III. CONCLUSION

As set forth above, Defendant's Motion for Notice of Intent to Use 404(b) Evidence [DE 47], Motion for Disclosure of Favorable Material [DE 48], Motion for all "Jencks' Material [DE 49], and Motion for Disclosure of Rule 807 Evidence [DE 51] are DENIED WITHOUT PREJUDICE. Defendant's Motion to Sequester Witnesses [DE 50] is GRANTED.

SO ORDERED, this ___ day of December, 2011.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE